# UNITED STATES DISTRICT COURT

for the

Southern District of Florida

CASE NO: _____ **09-60936**

BUY.COM, INC.,

      Plaintiff,

vs.

WARRANTECH CONSUMER PRODUCT
SERVICES, INC,

      Defendant.

_____/

Civil Action No. SACV 08-1453 JVS (MLGx)

Action pending in Central District of California

**McW-COHN**

MAGISTRATE JUDGE
SELTZER

FILED by _AJS_ D.C.

JUN 2 5 2009

STEVEN M. LARIMORE
CLERK U. S. DIST. CT.
S. D. of FLA. – MIAMI

## DEFENDANT, WARRANTECH CONSUMER PRODUCT SERVICES, INC.'S MOTION TO QUASH SUBPOENA TO PRODUCE DOCUMENTS, RE. BRANDSMART USA

Defendant, WARRANTECH CONSUMER PRODUCT SERVICES, INC. (hereinafter "Warrantech"), by and through its undersigned counsel, files this Motion to Quash Subpoena to Produce Documents, re. Brandsmart USA (hereinafter "Brandsmart"), and in support thereof states as follows:

1.    This matter is before the Court pursuant to Fed. R. Civ. P. 45. Warrantech seeks an order from this court quashing the Subpoena to Produce Documents directed to Brandsmart. A copy of the Subpoena is attached hereto as Exhibit A.

2.    Venue is proper in the Fort Lauderdale Division of the United States District Court, Southern District of Florida because the subpoena was issued by the United States District Court

1

286525.1

for the Southern District of Florida and the subpoena requires production of records within Broward County, Florida.

3.      BUY.COM, INC. (hereinafter "Buy.com") is a Delaware corporation with its principal place of business in Aliso Viejo, California.  Buy.com is in the business of selling computer hardware, software, videos and DVDs, books, music, and other products through its internet based store.

4.      Warrantech is a Connecticut corporation with its principal place of business in Bedford Texas. Warrantech is in the business of providing service contracts and extended warranties on consumer products.

5.      Buy.com and Warrantech entered into a three-year Marketing Agreement on May 1, 2007 in order to make Warrantech's service contracts and extended warranties available to Buy.com's customers.

6.      Under the marketing agreement, Warrantech agreed to pay certain amounts to Buy.com in exchange for placement of internet links on Buy.com's website that would redirect customers to a website where they could purchase extended warranties and service contracts offered by Warrantech.

7.      Buy.com is alleging that Warrantech breached the agreement by failing to make payments to Buy.com. As a result, Buy.com filed suit for breach of contract, violation of California Business and Professions Code § 17200 (statutory unfair competition), negligent misrepresentation, and unjust enrichment.

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
100 SOUTHEAST SECOND STREET • SUITE 3800 • MIAMI, FLORIDA 33131
TELEPHONE (305) 374-4400 • FACSIMILE (305) 579-0261

286525.1

8.      In support of its statutory unfair competition claim, Buy.com has issued a Subpoena to Produce Documents directed to Brandsmart.

9.      The Subpoena requests documents between Warrantech (including its parents, subsidiaries, and affiliates), and Brandsmart, regarding contracts between the parties, amounts owed by Warrantech to Brandsmart under the contract that were withheld, and documents relating to withholding of payments, billing, invoicing, and payment disputes.

10.     The Subpoena issued by Buy.com is intended to seek documents with respect to Buy.com's unfair business practices claim.

11.     Plaintiff is claiming that Warrantech engaged in unfair business practices in California. Moreover, Plaintiff is relying on a California statute that is designed to regulate business conduct in California and the statute is not designed to regulate business conduct in other states.

12.     Therefore, Warrantech's business relationship with other companies in other states, including Brandsmart, is not relevant to the claim pending in the district court in California. The information being sought by Buy.com has no relevance to the lawsuit in California and Plaintiff seeks to invade the business relationship between Warrantech and Brandsmart without justification.

13.     Furthermore, the documents are also irrelevant due to the nature of the business model between Brandsmart and Warrantech compared to the relationship between Buy.com and Warrantech.

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
100 SOUTHEAST SECOND STREET • SUITE 3800 • MIAMI, FLORIDA 33131
TELEPHONE (305) 374-4400 • FACSIMILE (305) 579-0261

286525.1

14.     Even if Plaintiff can establish some minimal relevance, Warrantech's right of privacy and right to protect its trade secrets far outweigh any nominal need that Plaintiff may have in these documents.

15.     Although Plaintiff has proposed a confidentiality agreement that will not do Warrantech any good because Buy.com is a competitor of Warrantech.  Disclosure of the requested material will give Buy.com an unfair market advantage should it have access to Warrantech's contracts with other companies.

16.     In summary, the records which are the subject of the Subpoena have no bearing on the dispute between Buy.com and Warrantech, especially since Warrantech's business relationship with Brandsmart is different than the relationship with Buy.com. Moreover, the Subpoena is an attempt by Buy.com to seek irrelevant discovery from a third-party with the intent of damaging Warrantech's business relationship with Brandsmart. Furthermore, the requested documents constitute confidential and proprietary information protected by Florida's statutory trade secret privilege. *See Fla. Stat. § 90.506.*  Lastly, the Subpoena is overbroad in that it request financial records from entities not a party to this lawsuit.

11.     Warrantech seeks an order from this court quashing the Subpoena to Produce Documents directed to Brandsmart.

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
100 SOUTHEAST SECOND STREET • SUITE 3800 • MIAMI, FLORIDA 33131
TELEPHONE (305) 374-4400 • FACSIMILE (305) 579-0261

286525.1

## MEMORANDUM OF LAW

I.   **The documents requested in the Subpoena are irrelevant to the underlying lawsuit.**

   A.   **Conduct outside of California cannot be a basis for establishing liability under California's Business and Professions Code § 17200.**

It is Buy.com's unsupported contention that Warrantech has a practice of pressuring its clients to restructure and/or renegotiate agreements by withholding monies due to clients, in violation of California's Business and Professions Code § 17200 ("California's Business and Professions Code"). Buy.com is seeking to obtain records from Brandsmart in the hope of establishing liability under California law. However, this statute was not designed to regulate conduct outside of California and the information requested in the Subpoena can not be used to establish liability under California's statutory unfair competition law. *See Norwest Mortg. Inc. v. Sup. Ct.*, 72 Cal. App. 4th 214 (1999); *Churchill Village, LLC v. General Elec. Co.*, 169 F. Supp. 2d 1119 (ND CA 2000).

*Norwest Mortgage* was an attempt to bring a <u>nationwide</u> class action under California's Business and Professions Code. In *Norwest Mortgage*, the court held that the California Business and Professions Code was not intended to regulate conduct unconnected to California. In analyzing the subject statute, the *Norwest Mortgage* court stated "We ordinarily presume the Legislature did not intend the statutes of this state to have force or operation beyond the boundaries of the state (citations omitted)." *Id.* at 222. In further analysis of this issue the court stated, "… it contains no express declaration that it was designed or intended to regulate claims of nonresidents arising from conduct occurring entirely outside of California. Plaintiffs do not

5

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
100 SOUTHEAST SECOND STREET • SUITE 3800 • MIAMI, FLORIDA 33131
TELEPHONE (305) 374-4400 • FACSIMILE (305) 579-0261

286525.1

cite any pertinent California authority construing the UCL as applicable to claims of non-California residents injured by conduct occurring beyond California's borders." *Id.* at 222-223.

*Churchill Village* also involved an attempt to apply California's Business and Professions Code to conduct occurring outside of California. In Churchill Village the plaintiffs brought suit against General Electric under the California Business and Professions Code related to defective dishwashers that were sold in California and throughout the United States. The plaintiffs were seeking an injunction that could be applied against the defendant nationwide which would require full disclosure and offer consumers all options for remedying the defective condition. In the addressing the issuance of an injunctive order, the United States District Court recognized that California has a presumption against  the extraterritorial application of its state laws. The court also held that California's Business and Professions Code could not be used to support claims where none of the alleged misconduct and/or injuries occurred in California. *Churchill Village, LLC v. General Elec. Co.*, 169 F. Supp. 2d 1119, 1126 (ND CA 2000).

In this case, Buy.com will be unable to utilize any documents secured through the Subpoena for Records in order to establish its claims under California law because the business relationship between Warrantech and Brandsmart occurred entirely outside of California. In short, the information being sought by Buy.com has no relevance to the lawsuit in California and Plaintiff seeks to invade the business relationship between Warrantech and Brandsmart without justification.

6

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
100 SOUTHEAST SECOND STREET • SUITE 3800 • MIAMI, FLORIDA 33131
TELEPHONE (305) 374-4400 • FACSIMILE (305) 579-0261

**B.     The subpoenaed documents are not relevant because Warrantech's business relationship with Brandsmart USA is different that its business relationship with Buy.com.**

Furthermore, the documents requested cannot establish liability due to the nature of the business model concerning the sale of warranties. Specifically, Warrantech uses a traditional wholesale model with Brandsmart in which Warrantech sells extended warranties to Brandsmart at a wholesale price and then Brandsmart offers and sells the warranty to its customers at retail price. The difference between the retail price and the wholesale price is the remuneration that Brandsmart receives under its contract with Warrantech. A similar business model was offered to Buy.com; however, it was rejected.

Instead, Warrantech and Buy.com entered into an agreement in which Warrantech would sell its warranties to Buy.com's customers directly. In return, Warrantech would pay a commission to Buy.com. Here, Warrantech's business relationship with Brandsmart is based solely on the wholesale model. Therefore, Buy.com should not be entitled to any of the business records between Warrantech and Brandsmart because the records are not remotely related to plaintiff's claims against Warrantech and cannot be used to establish liability.

**II.     Florida utilizes a three-part analysis to determine the applicability of Fla Stat. § 90.506 (privilege with respect to trade secrets).**

Where state law supplies the rule of decision, (diversity cases), privacy claims are determined under applicable state law. *See, FRE 501, Oakes v. Halvorsen Marine Ltd.,* (CD CA 1998) 179 FRD 281, 284; *In re Ford Motor Co.,* (3d Cir. 1997) 110 F.3d 954, 956. Moreover, where discovery is sought from a nonparty witness who resides in another state, privileges are

7

286525.1

determined under the law of the state where the witness resides. *Urban Outfitters, Inc. v. DPIC Cos., Inc.*, (ND IL 2001) 203 FRD 376-378- law of state where nonparty subpoena sought to be enforced governs whether subpoenaed documents are privileged.

In addition to the requested documents being irrelevant to Plaintiff's cause of action, the documents which Buy.com seeks also constitute privileged trade secrets. Florida recognizes a party's refusal to disclose, and to prevent others from disclosing, trade secrets. Specifically, Fla. Stat. § 90.506 provides as follows:

> **90.506. Privilege with respect to trade secrets.**
> A person has a privilege to refuse to disclose, and to prevent other persons from disclosing, a trade secret owned by that person if the allowance of the privilege will not conceal fraud or otherwise work injustice. When the court directs disclosure, it shall take the protective measures that the interests of the holder of the privilege, the interests of the parties, and the furtherance of justice require. The privilege may be claimed by the person or the person's agent or employee.

Also, the Federal Rules of Civil Procedure permit Warrantech to seek an order from this court quashing the subpoena since the subpoena requires disclosure of a trade secret and other confidential commercial information. *See Fed. R. Civ. P. 45 (c)(3)(B)(i).*

When faced with an objection to a document request pursuant to Florida's statutory trade secret privilege, trial courts should engage in a three-part analysis before requiring production of any records. *Lovell Farms, Inc. v. Levy*, 641 So.2d 103 (Fla. 3d DCA 1994); *Rare Coin-It, Inc. v. I.J.E., Inc.*, 625 So.2d 1277, 1279 (Fla. 3d DCA 1993); *General Hotel & Restaurant Supply Corporation v. Skipper*, 514 So.2d 1158 (Fla. 2d DCA 1987). Failure to engage in this analysis prior to ordering disclosure of trade secrets may result in a departure from the essential

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
100 SOUTHEAST SECOND STREET • SUITE 3800 • MIAMI, FLORIDA 33131
TELEPHONE (305) 374-4400 • FACSIMILE (305) 579-0261

286525.1

requirements of law and material injury that is irreparable on appeal. *Rare Coin-It, Inc.*, 625 So.2d at 1279.

First, the court should determine whether the documents constitute trade secrets. *General Hotel,* 514 So.2d at 1159. In making this initial determination a court may, but does not have to, conduct an in-camera inspection of the respective documents. *Lovell Farms, Inc.,* 641 So.2d at 105. Second, if the court reaches the conclusion that the documents constitute a trade secret, the burden then shifts to the party requesting production to show reasonable necessity for the requested materials. *Rare Coin-It, Inc.*, 625 So.2d at 1278; *see also, General Hotel*, 514 So.2d at 1158. In conjunction with this second step, the court should set forth its findings of reasonable necessity before requiring production. *Rare Coin-It, Inc.*, 625 So.2d at 1279. Lastly, if the court requires disclosure, it should take adequate measures to protect the interests of the parties and justice. *General Hotel,* 514 So.2d at 1159.

## III. The documents sought by Buy.com constitute privileged trade secrets.

Florida applies very broad definitions for trade secrets. Under Florida's Uniform Trade Secrets Act, the term is defined as follows:

> "Trade Secret" means information, including a formula, pattern, compilation, program, device, method, technique, or process that:
>
> (a) Derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use; and
>
> (b) Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

9

286525.1

*See Fla. Stat. § 688.002 (4).* Under Florida's statute dealing with the theft of trade secrets, the following definition is applied:

> "Trade secret" means the whole or any portion or phase of any formula, pattern, device, combination of devices, or compilation of information which is for use, or is used, in the operation of a business and which provides the business an advantage, or an opportunity to obtain an advantage, over those who do not know or use it. "Trade secret" includes any scientific, technical, or commercial information, including any design, process, procedure, list of suppliers, list of customers, business code, or improvement thereof. Irrespective of novelty, invention, patentability, the state of the prior art, and the level of skill in the business, art, or field to which the subject matter pertains, a trade secret is considered to be:
>
> 1.   Secret;
>
> 2.   Of value;
>
> 3.   For use or in use by the business; and
>
> 4.   Of advantage to the business, or providing an opportunity to obtain an advantage, over those who do not know or use it
>
> when the owner thereof takes measures to prevent it from becoming available to persons other than those selected by the owner to have access thereto for limited purposes.

*See Fla. Stat. § 812.081.* In addition to the broad statutory definitions, Florida courts have recognized that confidential commercial documents, including pricing and profit information, constitute trade secrets protected under Fla. Stat. § 90.506. *See Inrecon v. Village Homes at Country Walk,* 644 So.2d 103 (Fla. 3d DCA 1994). *Inrecon* involved insurance litigation in which the plaintiffs were seeking to recover losses sustained at a residential community. The plaintiffs sought documents from a non-party related to profit figures for three other residential developments unrelated to the property which was subject of the lawsuit. The

10

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
100 SOUTHEAST SECOND STREET • SUITE 3800 • MIAMI, FLORIDA 33131
TELEPHONE (305) 374-4400 • FACSIMILE (305) 579-0261

286525.1

trial court ordered the non-party to produce detailed financial records, work estimates, and proposals for each of the unrelated projects. On appeal, the Third District held that the disclosure of these records constituted discovery of trade secrets and confidential commercial information. Moreover, the Third District recognized that the records did not deal with the transaction involving plaintiff but where with respect to entirely different jobs, (which is what Buy.com is doing by issuing a subpoena to Brandsmart). In reversing the trial court, the appellate court held that "The rule that allows a party to request production of its opponent's records is in no sense designed to afford a litigant an avenue to pry into his adversary's business or go on a fishing expedition to uncover business methods, confidential relations, or other facts pertaining to the business." *Id* at 105. The Third District also recognized that this rule applies with greater force when the discovery is being sought from a non-party. *Id.*

In an anticipatory breach of contract claim, the Third District again recognized that requiring production of general business records, financial records, and third-party contracts of a corporate defendant constituted an unwarranted intrusion into the defendant's business. *Caribbean Security Systems, Inc. v. Security Control Systems, Inc.,* 486 So.2d 654 (Fla. 3d DCA 1986). This is the scope of the subject subpoena.

Other Florida courts have also recognized that customer information and corporate accounting documents constitute trade secrets. *See East Colonial Refuse Service, Inc. v. Velocci,* 416 So.2d 1276 (Fla. 5th DCA 1982). In *Velocci,* the plaintiffs were seeking production of defendant's customer lists and accounting documents. *Id.* at 1277. In reversing the trial court's order requiring production of records, the Fifth District recognized that discovery is not

11

286525.1

unlimited. *Id.* at 1277. Rather, it must be relevant to the subject matter and be admissible or reasonably calculated to lead to the discovery of admissible evidence. *Id.* Moreover, even if these conditions are satisfied, discovery may not be had if the records are privileged. *Id.* at 1278. In *Velocci*, the Fifth District held that the plaintiffs had not satisfied their burden of establishing sufficient need for the information and that general allegations did not entitle them to broad discovery into the financial aspects of a corporation. *Id.* at 1278.

Similarly, the trade secret privilege has also been applied to protect disclosure of third party contracts which would identify clients and the terms of dealing with those clients. *See Becker Metals Corporation v. West Florida Scrap Metals,* 407 So.2d 380 (Fla. 1st DCA 1981). In *Becker* the plaintiff was seeking production of business records and all contracts that defendant had with third-parties with respect to the sale of scrap metals. Id. at 381. The defendant resisted discovery under Fla. Stat. 90.506; however, the trial court ordered production. *Id.* On appeal, the First District stated that the contracts between defendant and third parties for the purchase of metals constituted trade secrets. *Id.* at 382.

Here, the records sought by Buy.com implicate Warrantech's privilege with respect to trade secrets. Under both the statutory definitions, as well as the common law determination as to what constitutes trade secrets, Warrantech is able to establish that the records being sought by Buy.com constitute privileged trade secrets, which should not be subjected to disclosure. Warrantech's contract with Brandsmart, including the financial documents, derives independent economic value by not being known to Defendant's competitors. Disclosure of the contracts and financial documents will result in Plaintiff and Defendant's competitors obtaining an advantage

12

286525.1

over Warrantech. In addition, Warrantech takes steps to prevent this information from becoming available to others by limiting those who have access to the contracts and financial documents. Specifically, the standard agreement between Warrantech and its dealers contains a confidentiality provision providing that information learned by the dealer, including pricing information, is deemed confidential and shall not be disclosed unless required by subpoena or court order. See Hicks Affidavit, attached hereto as Exhibit B.

Under Florida common law, the records being sought contain confidential business information related to Warrantech's agreements and pricing with third parties. Disclosure of these records will cause irreparable harm to Warrantech. If Plaintiff and/or Defendant's competitors were to obtain these documents, they would gain insight into Warrantech's business operations including the wholesale pricing of extended warranties. In addition, Buy.com is a competitor of Warrantech and should Buy.com obtain access to Warrantech's contracts with other companies, it will be given an unfair competitive advantage.

Furthermore, the subpoena is not limited to Warrantech. Instead, the subpoena also seeks records from Warrantech's parents, subsidiaries and affiliated companies, who are not parties to this litigation. The subpoenas are overbroad, oppressive, burdensome and the information sought is not relevant to the underlying lawsuit.

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
100 SOUTHEAST SECOND STREET • SUITE 3800 • MIAMI, FLORIDA 33131
TELEPHONE (305) 374-4400 • FACSIMILE (305) 579-0261

286525.1

**IV.   Should the court direct disclosure, Defendant requests an order which will protect the interests of Warrantech and Brandsmart.**

Warrantech requests this court to quash the subpoena and order that the requested documents not be had on the grounds that materials are trade secrets under Fla. Stat. § 90.506. Buy.com cannot establish reasonable necessity for disclosure because the contract with Brandsmart, and the related financial documents, is not relevant or necessary in interpreting the contract between Warrantech and Buy.com. However, should this court order production of Warrantech's trade secrets then Defendant would request a protective order which will allow the exchange of discovery without infringing upon Warrantech's trade secrets by allowing Warrantech to designate specific documents as "privileged and confidential" and by prohibiting dissemination of the privileged and confidential information under such terms and conditions as the parties may agree. As indicated above, if a court requires disclosure of trade secrets, it should take adequate measures to protect the interests of the parties and justice. *General Hotel & Restaurant Supply Corporation v. Skipper*, 514 So.2d 1158 (Fla. 2d DCA 1987).

WHEREFORE, Defendant, WARRANTECH CONSUMER PRODUCT SERVICES, INC., respectfully requests this Court to enter an Order granting its Motion to Quash Subpoena to Produce Documents, re. Brandsmart USA and for such other relief this Court deems proper.

Respectfully submitted,

By: _____
RICARDO J. CATA
Florida Bar No.: 208809
RONNIE GUILLEN
Florida Bar No. 0842001

14

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
100 SOUTHEAST SECOND STREET • SUITE 3800 • MIAMI, FLORIDA 33131
TELEPHONE (305) 374-4400 • FACSIMILE (305) 579-0261

286525.1

## CERTIFICATE OF GOOD FAITH CONFERENCE

I hereby certify that counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues but has been unable to do so or has made reasonable efforts to confer with all parties or non-parties who may be affected by the relief sought in the motion, but has been unable to do so.

By: _____
RICARDO J. CATA
Florida Bar No.: 208809
RONNIE GUILLEN
Florida Bar No. 0842001

15

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
100 SOUTHEAST SECOND STREET • SUITE 3800 • MIAMI, FLORIDA 33131
TELEPHONE (305) 374-4400 • FACSIMILE (305) 579-0261

286525.1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing document was filed with the Clerk of the above styled Court and that a true and correct copy was mailed this 25th day of June, 2009 to: **Allen C. Ostergar, III,** Ostergar Hunter Law Group, Attorneys for Plaintiff, Buy.com, 27101 Puerta Real, Suite 450, Mission Viejo, California, 92691; **Michael T. Hornak, Esq.** and **Lisa Neal, Esq.** Ruton & Tucker, Attorneys for Plaintiff, Buy.com, 611 Anton Boulevard, Suite 1400, Costa Mesa, California, 92626, **Sean M. Bryn, Esq.,** Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, Attorneys for Defendant, Warrrantech, 555 South Flower Street, Suite 2900, Los Angeles, California 90071; **Tamatha S. Alvarez, Esq.,** Martin, Lister, Alvarez & Genovese, PLC., Attorneys for Brandsmart USA, 2893 Executive Park Drive, Suite 204, Weston, Florida 33331

> **WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**
> *Attorneys for Defendant, Warrantech*
> 3800 Bank of America Tower
> 100 SE Second Street
> Miami, Florida 33131
> Tel:    (305) 374-4400
> Fax:   (305) 579-0261
> Email: ricardo.cata@wilsonelser.com
>
> By: _____
> RICARDO J. CATA
> Florida Bar No.: 20880
> RONNIE GUILLEN
> Florida Bar No. 0842001

16

286525.1

# UNITED STATES DISTRICT COURT

for the
Southern District of Florida

CASE NO: _____

BUY.COM, INC.,                    Civil Action No. SACV 08-1453 JVS (MLGx)

      Plaintiff,                 Action pending in Central District of California

vs.

WARRANTECH CONSUMER PRODUCT
SERVICES, INC,

      Defendant.

_____/

## DEFENDANT, WARRANTECH CONSUMER PRODUCT SERVICES, INC.'S MOTION TO QUASH SUBPOENA TO PRODUCE DOCUMENTS, RE. BRANDSMART USA

# EXHIBIT A

AO 88B (Rev. 01/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | | |
|---|---|---|
| BUY.COM INC. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.  SACV 08-1453 JVS (MLGx) |
| WARRANTECH CONSUMER PRODUCT SERVICES, INC., et al. | ) | |
| *Defendant* | ) | (If the action is pending in another district, state where: |
| | ) | Central District of California |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES

To: CUSTODIAN OF RECORDS FOR BRANDSMART USA
 3200 SW 42ND STREET, HOLLYWOOD, FLORIDA 33312

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

 SEE ATTACHMENT A

| Place: BRANDSMART USA<br>  3200 SW 42ND STREET<br>  HOLLYWOOD, FLORIDA 33312 | Date and Time:<br><br>  06/25/2009 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:  05/26/2009

| | | |
|---|---|---|
| CLERK OF COURT | OR | |
| _____<br>*Signature of Clerk or Deputy Clerk* | | _____<br>*Attorney's signature* |

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*  BUY.COM INC.
_____ , who issues or requests this subpoena, are:

ALLEN C. OSTERGAR III
OSTERGAR HUNTER LAW GROUP, 27101 PUERTA REAL, SUITE 450, MISSION VIEJO, CA. 92691
(949) 305-4590 TEL.  (949) 305-4591 FAX  aostergar@ostergar.com

# ATTACHMENT A
## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES

1)      Please produce all contracts between you and Warrantech Consumer Product Services, Inc. or any of their parents, subsidiaries, or affiliated companies, that were in effect at any time from January 2006 to the present.

2)      Please produce documents showing amounts owed to you by Warrantech Consumer Product Services, Inc. or any of its parents, subsidiaries, or affiliated companies at any time from January 2006 to the present, that are or were withheld from payment to you, or where such payment was delayed or miscalculated, for any reason.

3)      Please produce all correspondence (whether electronic or otherwise) between you and Warrantech Consumer Product Services, Inc. or any of their parents, subsidiaries, or affiliated companies, from January 2006 to the present, concerning the withholding of any payments to you or concerning any billing, invoicing or payment dispute or issue between you and Warrantech Consumer Product Services, Inc. or any of their parents, subsidiaries, or affiliated companies.

1

PROOF OF SERVICE
(1013A, 2015.5 C.C.P.)

2

3 STATE OF CALIFORNIA, COUNTY OF ORANGE

4 I am a employed in the county aforesaid; I am over the age of eighteen years and not a party to
the within entitled action; my business address is: 27101 Puerta Real, Suite 450, Mission Viejo,
5 California 92691.

6
On May 27, 2009, I served the within **SUBPOENA TO PRODUCE DOCUMENTS,**
7 **INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES –**
**BRANDSMART** on the interested parties in this action, by placing a true and correct copy
8 thereof enclosed in a sealed envelope as follows:

9

Martin K. Deniston
10 Sean M. Bryn
Wilson Elser Moskowitz Edelman & Dicker                      **Attorneys for Defendant**
11 555 S. Flower Street, Suite 2900                            **Warrantech Consumer**
Los Angeles, California 90071                                **Product Services Inc.**
12 (213) 443-5100
(213) 443-5101 fax
13

14

15 __X__ (By US Mail) I am "readily familiar" with the firm's practice of collection and
processing correspondence for mailing with the United States Postal Service. Under that practice
16 it would be deposited with U.S. postal service on that same day with postage thereon fully
prepaid at Mission Viejo, California in the ordinary course of business. I am aware that on
17 motion of the party served, service is presumed invalid if postal cancellation date or postage
meter date is more than one day after date of deposit for mailing in affidavit.
18

19 _____ (By Personal Service) I caused to be delivered by hand on the interested parties in this
action by placing tru and correct copies thereof in an envelope addressed to the office of the
20 addressee(s) as above indicated.

21 _____ (By Overnight Courier) I served a true and correct copy enclosed in a sealed package, for
collection and for delivery marked for next day delivery in the ordinary course of business,
22 addressed to the office of the addressee(s) as above indicated.

23
I declare that I am employed in the office of a member of the bar of this court at whose direction
24 the service was made.

25 Executed on May 27, 2009 at Mission Viejo, California.

26

27                                    _Rayna Marsh_
                                     Rayna Marsh
28

-1-

PROOF OF SERVICE

AO 88B  (Rev.  01/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises (Page 2)

Civil Action No.  SACV 08-1453 JVS (MLGx)

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the subpoena on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❏ I left the subpoena at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the subpoena to *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because _____ ; or

❏ other *(specify):*

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

# UNITED STATES DISTRICT COURT

for the
Southern District of Florida

CASE NO: _____

BUY.COM, INC.,

      Plaintiff,

vs.

WARRANTECH CONSUMER PRODUCT
SERVICES, INC,

      Defendant.

_____/

Civil Action No. SACV 08-1453 JVS (MLGx)

Action pending in Central District of California

## DEFENDANT, WARRANTECH CONSUMER PRODUCT SERVICES, INC.'S MOTION TO QUASH SUBPOENA TO PRODUCE DOCUMENTS, RE. BRANDSMART USA

# EXHIBIT B

# UNITED STATES DISTRICT COURT

for the
Southern District of Florida
Fort Lauderdale Division

CASE NO: _____

BUY.COM, INC.,

      Plaintiff,

vs.

WARRANTECH CONSUMER PRODUCT
SERVICES, INC,

      Defendant.

_____/

Civil Action No. SACV 08-1453 JVS (MLGx)

Action pending in Central District of California

## AFFIDAVIT OF SEAN HICKS IN SUPPORT OF WARRANTECH CONSUMER PRODUCT SERVICES, INC.'S MOTION TO QUASH SUBPOENA AND FOR PROTECTIVE ORDER

STATE OF Texas)
            ) ss.
COUNTY OF Tarrant)

    **SEAN HICKS**, an employee of Warrantech, hereby affirms under the penalty of perjury:

    1.    I am an employee of Warrantech Consumer Product Services, Inc., ("Warrantech'). I am employed by Warrantech as a Marketing Manager and have been employed in that capacity since October 2007. As a Marketing Manager, my duties entail interacting with parties to whom Warrantech offers extended warranties. As such, I am fully familiar with the facts set forth herein because of my professional responsibilities within my title, and I am fully

1

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
100 SOUTHEAST SECOND STREET • SUITE 3800 • MIAMI, FLORIDA 33131
TELEPHONE (305) 374-4400 • FACSIMILE (305) 579-0261

qualified to discuss the marketing, sales and negotiation process utilized by Warrantech in its professional relationship with both Brandsmart USA and Buy.com.

2. Warrantech uses a traditional wholesale model with Brandsmart USA, in which Warrantech sells extended warranties to Brandsmart USA at a wholesale price and then Brandsmart USA offers and sells the warranty to its customers at retail price. The difference between the retail price and the wholesale price is the remuneration that Brandsmart USA receives under its contract with Warrantech. A similar business model was offered to Buy.com, but it was rejected.

3. Instead, the business relationship between Warrantech and Buy.com is governed by the retail model. Warrantech and Buy.com entered into an agreement in which Warrantech would sell its warranties to Buy.com's customers directly, and Warrantech would pay a percentage commission to Buy.com with respect to the warranties sold.

4. Here, Warrantech's business relationship with Brandsmart USA is based solely on the wholesale model and Warrantech is not required to make any commission payment to Brandsmart USA. As such, the documents requested by the plaintiff are irrelevant as to the business relationship between Warrantech and Buy.com.

5. I am familiar with Warrantech's standard agreement with its dealers, which is the basis for the agreement between Warrantech and Brandsmart USA. That agreement provides that the information that a dealer, such as Brandsmart USA, acquires from its relationship with Warrantech is deemed to be confidential and private, and shall not be disclosed without the prior written consent of Warrantech unless as required by subpoena and/or court order. Warrantech

2

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
100 SOUTHEAST SECOND STREET • SUITE 3800 • MIAMI, FLORIDA 33131
TELEPHONE (305)374-4400 • FACSIMILE (305)579-0261

791206.1

does not consent to Brandsmart USA producing any of the documents sought in the subject subpoena.

6. The documents sought by the subject subpoena, including financial information is of independent economic value to Warrantech in and of itself, because that information includes pricing and sales volume information. Although the standard agreement discussed above in paragraph 5 is typically used by Warrantech with its dealers, the terms of the agreement with a dealer are particularized to the volume and needs of the dealer. If this information becomes known to Warrantech's competitors, including, Buy.com, Warrantech will be at a competitive disadvantage because others in the industry will have access to Warrantech's pricing information.

_____
SEAN HICKS

SUBSCRIBED and SWORN to before me this 24 day of June, 2009.

_____
Notary for said County and State

My Commission expires: 11/30/2009

LAUREN J. LEDERHOUSE
LAUREN J. LEDERHOUSE
COMM. # 01LE4006184
NOTARY PUBLIC, STATE OF NEW YORK
QUALIFIED IN NIAGARA COUNTY
MY COMM. EXPIRES NOV. 30, 2009

3

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
100 SOUTHEAST SECOND STREET • SUITE 3800 • MIAMI, FLORIDA 33131
TELEPHONE (305) 374-4400 • FACSIMILE (305) 579-0261

791206.1

℀JS 44   (Rev. 2/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)   NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.

## I. (a) PLAINTIFFS

Buy.Com, Inc., a Delaware Corporation

**(b)** County of Residence of First Listed Plaintiff  MC COHN
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Allen Ostergar
Ostergar Hunter Law Group
27101 Puerta Real, Ste. 450
Mission Viejo, CA 92691

(d) Check County Where Action Arose:  ☐ MIAMI- DADE  ☐ MONROE  ☑ BROWARD  ☐ PALM BEACH  ☐ MARTIN  ☐ ST. LUCIE

## DEFENDANTS

# 09 - 60936

Warrantech Consumer Product Services, Inc., a Connecticut Corporation; and DOES 1 to 50, inclusive.

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

MAGISTRATE JUDGE
SELTZER

Attorneys (If Known)

Ronnie Guillen, Esq.
Wilson Elser Moskowitz Edelman & Dicker, LLP

FILED by AJS D.C.

JUN 2 5 2009

STEVEN M. LARIMORE
CLERK U. S. DIST. CT.
S.D. OF FLA. - MIAMI

09 - MC - 60936 - Cohn/Seltzer

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

☐ 1  U.S. Government
        Plaintiff

☐ 2  U.S. Government
        Defendant

☐ 3  Federal Question
        (U.S. Government Not a Party)

☑ 4  Diversity
        (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)   and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business in Another State | ☑ 5 | ☑ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☒ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. Security | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | ☐ 900 Appeal of Fee Determination |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | Under Equal Access to |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities | ☐ 540 Mandamus & Other | ☐ 462 Naturalization | | Justice |
| | Employment | ☐ 550 Civil Rights | Application | | ☐ 950 Constitutionality of State |
| | ☐ 446 Amer. w/Disabilities | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus-Alien | | Statutes |
| | Other | | Detainee | | |
| | ☐ 440 Other Civil Rights | | ☐ 465 Other Immigration | | |
| | | | Actions | | |

## V. ORIGIN   (Place an "X" in One Box Only)

☐ 1 Original
      Proceeding

☑ 2 Removed from
      State Court

☐ 3 Re-filed
      (see VI below)

☐ 4 Reinstated or
      Reopened

☐ 5 Transferred from
      another district
      (specify)

☐ 6 Multidistrict
      Litigation

☐ 7 Appeal to District
      Judge from
      Magistrate
      Judgment

## VI. RELATED/RE-FILED CASE(S).

(See instructions
second page):

a) Re-filed Case ☐ YES ☑ NO     b) Related Cases ☑ YES ☐ NO

JUDGE United States District Court, Central Di...   DOCKET NUMBER SACV08-01453JVS (MLGx)

## VII. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):

28 U.S.C. 1332, 1441; Breach of Contract

LENGTH OF TRIAL via _____ days estimated (for both sides to try entire case)

## VIII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
      UNDER F.R.C.P. 23

**DEMAND $**
250,000.00

CHECK YES only if demanded in complaint:

JURY DEMAND:   ☐ Yes   ☑ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

SIGNATURE OF ATTORNEY OF RECORD

DATE   06/25/2009

FOR OFFICE USE ONLY

AMOUNT  $39      RECEIPT # 1003582

06/25/09